IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN EDDINGS #473451, | ) |
| Petitioner, | ) |
| | ) NO. 3:20-cv-00547 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| WARDEN KEVIN MYERS, | ) |
| Respondent | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner John Eddings, an inmate of the Turney Center Industrial Complex in Only, Tennessee, filed a petition for the writ of habeas corpus under 28 U.S.C. § 2254 and has now paid the filing fee. The petition is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules").

Habeas Rule 4 requires that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." No response to a petition should be required "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a [response]." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). Indeed, district courts have "a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." *Id.*

The petition in this case indicates that Petitioner's claims were never raised in state court. He pleaded guilty in the Davidson County Criminal Court in 2017 to one count of second-degree murder, was sentenced to seventeen years in prison, and did not appeal. (Doc. No. 1 at 1.) But

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN EDDINGS #473451, | ) |
| Petitioner, | ) |
| | ) NO. 3:20-cv-00547 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| WARDEN KEVIN MYERS, | ) |
| Respondent | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner John Eddings, an inmate of the Turney Center Industrial Complex in Only, Tennessee, filed a petition for the writ of habeas corpus under 28 U.S.C. § 2254 and has now paid the filing fee. The petition is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules").

Habeas Rule 4 requires that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." No response to a petition should be required "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a [response]." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). Indeed, district courts have "a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." *Id.*

The petition in this case indicates that Petitioner's claims were never raised in state court. He pleaded guilty in the Davidson County Criminal Court in 2017 to one count of second-degree murder, was sentenced to seventeen years in prison, and did not appeal. (Doc. No. 1 at 1.) But

more importantly, the Court's examination of the petition reveals that all four of Petitioner's claims are legally frivolous.

## CLAIMS AND ANALYSIS

Petitioner raises what he characterizes as four habeas claims, each of which rests on a single legal theory: that only the federal government is constitutionally authorized to prosecute felonies. Specifically, he asserts that, because of his over-arching presumption that "[u]nder the constitution the federal government must prosecute all 'infamous crimes,' such as felonies . . . unless the defendant waives this right," (Doc. No. 1 at 5), his rights have been violated in four ways: (1) the state court had no subject matter jurisdiction over his felony prosecution (*id.*); (2) his indictment was invalid because it was not signed by a United States Attorney or Assistant United States Attorney (*id.* at 7); (3) the criminal complaint was not filed in an appropriate court (*id.* at 8); and (4) the prosecuting attorney must have been "impersonating a Federal prosecutor." (*Id.* at 10.)

Petitioner's premise fundamentally misapprehends the nature of the criminal justice system in this country. "The Constitution creates a Federal Government of enumerated powers" and a "constitutionally mandated division of authority" under which the powers of state governments are "numerous and indefinite," and those of the federal government are "few and defined." *United States v. Lopez*, 514 U.S. 549, 552 (1995) (quoting James Madison, The Federalist No. 45, pp. 292–293 (C. Rossiter ed. 1961)). The Supreme Court has explained the impact of that system on the power of governments to enact and prosecute criminal offenses:

> In our federal system, the National Government possesses only limited powers; the States and the people retain the remainder. The States have broad authority to enact legislation for the public good—what we have often called a "police power." *United States v. Lopez*, 514 U.S. 549, 567 (1995). The Federal Government, by contrast, has no such authority and "can exercise only the powers granted to it," *McCulloch v. Maryland*, 4 Wheat. 316, 405, 4 L.Ed. 579 (1819), including the power to make "all Laws which shall be necessary and proper for carrying into Execution" the enumerated powers, U.S. Const., Art. I, § 8, cl. 18. For nearly two centuries it has

2

> been "clear" that, lacking a police power, "Congress cannot punish felonies generally." *Cohens v. Virginia*, 6 Wheat. 264, 428, 5 L.Ed. 257 (1821). A criminal act committed wholly within a State "cannot be made an offence against the United States, unless it have some relation to the execution of a power of Congress, or to some matter within the jurisdiction of the United States." *United States v. Fox*, 95 U.S. 670, 672 (1878).

*Bond v. United States*, 572 U.S. 844, 854 (2014). Accordingly, under our federal form of government, "[t]he States possess primary authority for defining and enforcing the criminal law." *Engle v. Isaac*, 456 U.S. 107, 128 (1982). To put it most simply, "our constitutional structure leaves local criminal activity primarily to the States." *Bond*, 572 U.S. at 848.

In keeping with its power and duty under this framework, the Tennessee legislature has defined seven chapters of state criminal offenses, Tenn. Code Ann. §§ 39-11-101 to 39-17-1812, and has vested original jurisdiction in the state's circuit and criminal courts over "all criminal matters not exclusively conferred by law on some other tribunal." Tenn. Code Ann. § 40-1-108. Tennessee law provides that "[a]ll criminal actions are prosecuted in the name of the state of Tennessee against the party charged with the offense." Tenn. Code Ann. § 40-3-104. And specifically with regard to Davidson County, the state legislature has established criminal courts, a district attorney general, and 30 assistant district attorney general positions for the purpose of enforcing Tennessee's criminal code. Tenn. Code Ann. § 16-2-506(20).

Petitioner does not allege that he was charged with or convicted of any violation of federal law in this case. His theory that the State does not have the lawful authority to prosecute or convict him for felonies defined by state law is simply incorrect as a matter of law and not worthy of further consideration.

## **CONCLUSION**

Title 28 U.S.C. § 2254 provides that a federal court may grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties

of the United States." 28 U.S.C. § 2254(a). Because it plainly appears from the face of the petition that Petitioner is not entitled to relief under that standard, the petition is **DISMISSED**.

The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Habeas Rule 11. A petitioner may not take an appeal unless a district or circuit judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner makes a "substantial showing" when he demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations and internal quotation marks omitted). "[A] COA does not require a showing that the appeal will succeed," but courts should not issue a COA as a matter of course. *Id.* at 337.

Reasonable jurists could not debate whether Petitioner is entitled to relief on any of his claims. Accordingly, the Court **DENIES** a COA. Petitioner may still seek a COA directly from the Sixth Circuit Court of Appeals. Habeas Rule 11(a).

This is the final order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE